THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEREK M. HALVERSON, | CASE NO. C16-1179-JCC |
| Petitioner, | ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Derek M. Halverson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 1, 1-1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

On October 22, 2014, Petitioner pled guilty to receipt and possession of visual depictions of minors engaged in sexually explicit conduct. (CR14-0164-JCC, Dkt. Nos. 26, 30.) On March 13, 2015, the Court sentenced Petitioner to serve 120 months of imprisonment, followed by a 10-year term of supervised release. (CR14-0164-JCC, Dkt. No. 41.) Petitioner did not appeal his sentence or conviction. On July 28, 2016, Petitioner filed this § 2255 habeas petition, alleging he received ineffective assistance of counsel. (Dkt. Nos. 1, 1-1.)

The Antiterrorism and Effective Death Penalty Act has a one-year statute of limitations. 28 U.S.C. §2255(f). In most cases, the statute of limitations begins to run when the judgment of

conviction becomes final. 28 U.S.C. § 2255(f)(1). Because Petitioner did not appeal his conviction, his judgment of conviction became final "upon the expiration of the time during which [he] could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Here, judgment was entered on March 13, 2015, and became final on March 27, 2015. *See* Fed. R. App. P. 4(b) (14 days to file an appeal). However, Petitioner did not file his § 2255 motion until July 28, 2016, 4 months after the one-year statute of limitations had tolled. (Dkt. No. 1.) Therefore, Petitioner's motion is time barred unless he can demonstrate sufficient cause for his procedural default.

To demonstrate "cause" for a procedural default, a defendant generally must show that "some objective factor external to the defense" impeded his adherence to the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Cause for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 486 U.S. 1, 16 (1984). Petitioner argues that his claims are not time barred because of "newly discovered evidence being presented to the Court that shows that the conviction is void." (Dkt. No. 1 at 2.) However, Petitioner does not state what evidence might be new, and does not offer any arguments as to how these unidentified facts might provide a basis to reverse his conviction.[1] Therefore, for the foregoing reasons, Petitioner's § 2255 motion (Dkt. No. 1) is DENIED and his claims are DISMISSED with prejudice because they are time barred.

//
//
//
//
//

---

[1] To the extent Petitioner's "new evidence" is his argument that the Government had no jurisdiction to bring charges against him as a "Sovereign American Citizen," (*see* Dkt. No. 1-1 at 3; Dkt. No. 11 at 2), this argument fails because this Court and the United States Attorney's Office had the power to preside over the case and charge Petitioner with federal offenses, respectively. See U.S. CONST. art. III, §§ 1, 2; 28 U.S.C. § 547.

ORDER DENYING PETITIONER'S 28 U.S.C. §
2255 MOTION
PAGE - 2

1    DATED this 22nd day of March 2017.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE