THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREK M. HALVERSON,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C16-1179-JCC

ORDER DENYING CERTIFICATE
OF APPEALABILITY

This matter comes before the Court on the referral notice from the United States Court of Appeals for the Ninth Circuit (Dkt. No. 18). The Ninth Circuit referred this matter for the limited purpose of determining whether this Court should grant or deny a certificate of appealability. This Court previously dismissed with prejudice Petitioner Derek Halverson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 12.) The Court found that Petitioner's motion was time barred and that he had not demonstrated sufficient cause for his procedural default. (*Id.* at 2.)

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c). A certificate of appealability may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). This is satisfied "by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, no reasonable jurist could disagree that Petitioner's motion is time barred and that he has not demonstrated sufficient cause for his procedural default. Petitioner filed his motion four months after the one-year statute of limitations had tolled. (*Compare* CR14-0164-JCC, Dkt. No. 41 (sentenced on March 13, 2015) *with* C16-1179-JCC, Dkt. No. 1 (section 2255 motion filed on July 28, 2016)). Moreover, Petitioner's argument that his claims are not time barred because of alleged newly discovered evidence has no merit. (*See* Dkt. No. 1 at 2.) Petitioner does not state what evidence might be new, and does not offer any arguments as to how these unidentified facts might provide a basis to reverse his conviction.

Therefore, the Court DENIES a certificate of appealability. The Clerk is DIRECTED to forward the record and this order to the Ninth Circuit.

DATED this 25th day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE